**UNITED STATES of America, Plaintiff,**

v.

**Carlton Bernard BROWN, Defendant.**

**Crim. No. 3–89–002(03).**

United States District Court,
D. Minnesota,
Third Division.

June 30, 1989.

Nathan P. Petterson, Asst. U.S. Atty., Minneapolis, Minn., for plaintiff.

Mark W. Peterson, Minneapolis, Minn., for defendant.

## STATEMENT OF REASONS FOR IMPOSING SENTENCE

MAGNUSON, District Judge.

### I. Findings of Fact

There being no objections to the factual statements contained in the presentence investigation report (PSI), the court adopts those statements as its findings of fact.

### II. Purposes

Carlton Brown is a young man who has not yet reached his twenty-first birthday. Despite his youth, Brown has been involved in a life of crime for several years. His criminal record reflects a disrespect for the law and a pervasive association with the distribution of cocaine. Just punishment, incapacitation and deterrence are all important factors in the sentencing of this defendant. The driving force behind this sentence is the career offender provision of the guidelines, the application of which is discussed below. Another concern is proportionality, and the court notes that Brown's two co-defendants received 24 and 27 months of imprisonment respectively for their roles in this offense.

### III. Application of the Guidelines

■ The only disputed issue with respect to Brown's sentencing guidelines calculations is whether Brown qualifies as a career offender under guideline § 4B1.1. This section provides:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Brown concedes that he has committed two prior controlled substance felonies. However, he contends that his conviction for transportation of a narcotic controlled substance on September 11, 1986, does not fit the definition of "controlled substance offense" under § 4B1.1. The term "controlled substance offense" is defined in guideline § 4B1.2 to mean "an offense identified in 21 U.S.C. §§ 841, 845b, 856, 952(a), 955, 955a, 959; and similar offenses." Although Brown was convicted under a California statute, Health and Safety Code § 11352, the offense is indisputably similar to the federal crimes specified in § 4B1.2. Authorities apprehended Brown at the Los Angeles Airport with 40.9 grams of cocaine packaged for sale. Brown admitted that he intended to sell the drugs. This offense is similar to possession with intent to distribute a controlled substance, which is prohibited by 21 U.S.C. § 841(a)(1).

Having made these findings, the court determines that the applicable guidelines are:

| | |
|---|---|
| Total Offense Level: | 32 |
| Criminal History Score: | Category VI |
| Applicable Guideline Range: | 210–262 months |

### IV. Sentence

Imprisonment for 210 months on each count to run concurrently.

Supervised release for 3 years.

Special assessment of $100.

### V. Statement of Reasons

■ The court imposes sentence within the range applicable to this defendant and for this offense because the facts found are of the kind contemplated by the guidelines and because a sentence within the range is sufficient, but not greater than necessary, to satisfy the purposes of sentencing relevant to this defendant. No aggravating or mitigating circumstances exist that were not adequately considered by the Sentencing Commission.

The sentence imposed is at the lower end of the guidelines range because of the ex-

tremely harsh penalty required by the career offender guideline. The court is not comfortable with a sentence almost ten times longer than those received by Brown's co-defendants. To be sure, Brown has earned a stiff sentence by virtue of his prior criminal conduct, but the career offender guideline limits the court's discretion to such a great extent that it jeopardizes the court's ability to maintain proportionality between defendants. In this case, the guidelines require the court to send a twenty-year-old man to prison for over seventeen years. The court does not take this responsibility lightly but realizes that Congress and the Sentencing Commission have spoken emphatically on this subject.

The court recognizes that the defendant is indigent. Therefore, because of the defendant's inability to pay, the court does not order the defendant to pay a fine, costs of imprisonment or costs of supervision.